UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHANA WILSON                                              16-cv-0469 (JG)(CLP)

                      Plaintiff,                       **AMENDED COMPLAINT**

    -against-                                        **JURY DEMAND**

CITY OF NEW YORK, P.O. LUKAS
EISENSTEIN, SGT. RICHARD MODESTIL
P.O. CHANDANIE ARJUN AND
POLICE OFFICER "JOHN DOES",
(the names John Does being fictitious as
their true names are presently unknown),

                      Defendants.
-------------------------------------------------------x

      Plaintiff, by her attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, P.O. Lukas Eisenstein, Sgt. Richard Modestil, P.O. Chandanie Arjun and Police Officer John Does (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

      2. Plaintiff seeks monetary damages for: the false arrest and imprisonment of plaintiff, retaliation for free speech, and violation of her federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the

interest of justice and assure that her remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black female, is a resident of Brooklyn, Kings County, State of New York.

7. Defendant City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief and at all times relevant herein, defendants P.O. Lukas Eisenstein, Sgt. Richard Modestil, P.O. Chandanie Arjun and Police Officer John Does were police officers employed by defendant City of New York through its police department.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

10. Plaintiff, in furtherance of her state causes of action, filed timely notice of claim

against the City, in compliance with General Municipal Law Section 50.

11. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. On or about July 17, 2015, at about 10:25 p.m., plaintiff was a passenger in a vehicle driven by her friend John Lablanc when plaintiff was arrested at or near the intersection of Rockaway Parkway and Church Avenue in Brooklyn.

13. Plaintiff was picked up from Brookdale Hospital by her friend Mr. Lablanc who was giving plaintiff a ride home until they were stopped by defendant police officers as plaintiff's car turned onto Church Avenue.

14. The police officers demanded driver's license from Mr. Lablanc. When he did not give it to them, they ordered him out of the vehicle.

15. Mr. Lablanc gave his cell phone and keys to plaintiff and asked that she call his family to pick up his car if he is arrested by the defendants.

16. The officers searched the vehicle and found nothing illegal. Plaintiff asked the officers why they were arresting his friend but they did not answer her.

17. One of the officers tried to grab plaintiff for the keys. Plaintiff told him that he did not need to touch or grab her, that she would give him the keys but asked if she could first get her friend's stuff out of the vehicle since the officers had finished searching the vehicle.

18. Upon plaintiff asking the officers this question, the supervising officer said "she is coming with us too" and they placed plaintiff under arrest, cuffed and put her in the police vehicle. The handcuffs were made so tight that plaintiff suffered pain as a result.

19. Plaintiff asked the officers many times why she was being arrested but her questions were ignored by the officers.

20. While plaintiff was in the police vehicle being transported to the 67th precinct, one of the male officers asked plaintiff whether her friend wanted to "beat it or hit it", implying that plaintiff was a prostitute being taken to some location for sex.

21. Plaintiff objected to such characterization of her and her friend. She explained to the officers that her sister was hospitalized at Brookdale and that she had gone from work to the hospital to be with her and thereafter her friend, Mr. Lablanc came to give her a ride home.

22. Plaintiff was transported to the 67th Precinct where she was searched, fingerprinted, photographed, and thrown into a holding cell. While in the cell, she suffered anxiety attack.

23. After being detained for many hours at the Precinct, plaintiff was taken to Central Booking where she was further processed and detained in a holding cell.

24. While plaintiff was detained at the 67th Precinct and Brooklyn Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime; however the District Attorney's Office declined to prosecute plaintiff and she was released without being charged to court. She was released from Central Booking on the night of July 18, 2015.

25. As a result of her arrest, plaintiff was suspended from her job for about three weeks until her employer completed its investigation of the incident. Plaintiff worked as a Receptionist at ACMH, Inc.

26. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to her under the Fourth and Fourteenth Amendments to the United

States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

27. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

28. Plaintiff has no other adequate remedy at law but for this action.

**AND AS FOR A FIRST CAUSE OF ACTION:**
**42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT**

29. Plaintiff reiterates paragraphs 1 through 28 and incorporates such by reference herein.

30. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, unlawful search and seizure, harassment and retaliation for free speech in violation of plaintiff's constitutional and civil rights.

31. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**AND AS FOR A SECOND CAUSE OF ACTION**

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

32. Plaintiff reiterates paragraphs 1 through 31 and incorporates such by reference herein.

33. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

34. The defendant City, through its police department, the NYPD, has developed and

maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

35. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

36. Both Internal Affairs Bureau (IAB) and the Civilian Complaints Review Board (CCRB) have substantially failed in their responsibilities to investigate misconduct and to discipline transgressors. The IAB investigations of brutality rarely lead to any administrative trials and, in the rare instances that charges are sustained administratively, the punishment is minimal and lacking any deterrent effect.

37. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in illicit activities.

38. The actions taken against plaintiff by the defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes and/or condones the racial profiling of motorists and which causes officers to arrest individuals, particularly blacks, without probable cause, and to subject such individuals to false criminal charges and to assault and battery. The said policy and practice falls disproportionately on persons of color.

39. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including

but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

    40. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The very limited circumstances under which a warrantless search and seizure may be carried out;

    (d)    The duty to respect the rights of citizens to ask questions when they are being subjected to intrusive action by the police.

    41. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

    42. The policymaking officials at NYPD know or ought to have known that such issues

that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

43. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

44.  As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion, or racial profiling, and without reasonable or probable cause.

45. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

46. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

### AND AS FOR A THIRD CAUSE OF ACTION
**(Negligent Hiring, Training and Supervision Under State Law; Defendant City)**

47. Plaintiff reiterates paragraphs 1 through 46 and incorporates such by reference herein.

48. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately

hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

49. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of her liberty and violation of his federal constitutional rights, was prevented from attending to her necessary affairs and suffered and continues to suffer significant physical and emotional pain, distress, humiliation and embarrassment.

**AND AS FOR AN FOURTH CAUSE OF ACTION:**
**PENDENT CLAIM OF ASSAULT AND BATTERY**

50. Plaintiff reiterates paragraphs 1 through 49 and incorporates such by reference herein.

51. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included forcefully grabbing her without cause and applying the handcuffs so tight that it caused pain to plaintiff.

52. The defendant City is responsible for the assault of plaintiff by the defendant officers as set forth above because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting plaintiff.

53. By reason of and as a consequence of the assault detailed above, plaintiff has been damaged in an amount to be proven at trial.

**AND AS FOR A FIFTH CAUSE OF ACTION:**
**PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT**

54. Plaintiff reiterates paragraphs 1 through 53 and incorporates such by reference herein.

55. Plaintiff was wrongfully, unlawfully and unjustifiably arrested, detained and deprived of her liberty against her will, and was imprisoned by defendant officers.

56. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

57. The wrongful, unjustifiable, and unlawful arrest, detention and imprisonment of plaintiff was carried out without a warrant.

58. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against her will.

59. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

60. At all relevant times, the defendant officers and other John Doe police officers who were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

61. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A SIXTH CAUSE OF ACTION
### PENDENT CLAIM OF GROSS NEGLIGENCE

62. Plaintiff reiterates paragraphs 1 through 61 and incorporates such by reference herein.

63. The conduct of the defendant officers in falsely arresting and detaining plaintiff and calling her a prostitute was grossly negligent and intended to cause plaintiff to suffer severe injury and extreme mental and emotional distress.

64. At all relevant times, said defendant officers were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

65. As a direct and proximate result of the false arrest and imprisonment of plaintiff as

detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR AN SEVENTH CAUSE OF ACTION

66. Plaintiff reiterates paragraphs 1 through 65 and incorporates such by reference herein.

67. By arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, and assaulting her, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

68. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

69. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

70. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

72. Consequently, the City is liable under the doctrine of *respondeat superior* for their tortious actions.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
May 23, 2016

                                        LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                        By:        /s/
                                                      Philip Akakwam, Esq.
                                                      Attorneys for the Plaintiff
                                                      303 Livingston Street, 2nd Floor
                                                      Brooklyn, N.Y. 11217
                                                      (718) 858-2488

16-cv-0469 (JG)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHANA WILSON

                           Plaintiff,

   -against-

CITY OF NEW YORK, P.O. LUKAS
EISENSTEIN, SGT. RICHARD MODESTIL
P.O. CHANDANIE ARJUN AND
POLICE OFFICER "JOHN DOES",
(the names John Does being fictitious as
their true names are presently unknown

                          Defendants.

---

## AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____